UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHAWN KEVIN FROST,<br><br>Plaintiff,<br><br>v.<br><br>J. HALLOCK, et al.,<br><br>Defendants. | Case No. 17-CV-07229-LHK<br><br>**ORDER GRANTING OPPORTUNITY TO OBJECT TO MAGISTRATE JUDGE'S RULINGS**<br><br>Re: Dkt. Nos. 1, 5 |

This action originally was assigned to Magistrate Judge Jacqueline Scott Corley. Plaintiff and some defendants consented to proceed before a magistrate judge. At least one defendant did not consent to proceed before a magistrate judge.

This action was reassigned to the undersigned because a new Ninth Circuit case determined that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) ("*Williams*") (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge). Under the *Williams* rule, magistrate judges are unable to take dispositive action on a consent basis if they do not have the consent of unserved defendants. Magistrate judges can, however, submit proposed findings

1
Case No. 17-CV-07229-LHK
ORDER GRANTING OPPORTUNITY TO OBJECT TO MAGISTRATE JUDGE'S RULINGS

of fact and recommendations for the disposition of many pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A), (B). In a case in which full consent has not been obtained, and when a magistrate judge submits proposed findings of fact and recommendations for the disposition of a pretrial matter, the parties may serve and file written objections to the proposed findings of fact and recommendations. *Id.* at § 636(b)(1); *see also* Fed. R. Civ. P. 72. Usually such objections are due within fourteen days of the magistrate judge's proposed findings of fact and recommendations. *See* Fed. R. Civ. P. 72(2), (b).

Here, Magistrate Judge Corley found that plaintiff had stated a cognizable claim for violation of the Due Process Clause of the Fourteenth Amendment, but dismissed plaintiff's First, Fifth, and Eighth Amendment claims. *See* Dkt. No. 5 ("Screening Order") at 2. The parties then proceeded litigating the claim for violation of the Due Process Clause of the Fourteenth Amendment. Defendants filed two motions for summary judgment as to plaintiff's claim for violation of the Due Process Clause of the Fourteenth Amendment. *See* Dkt. Nos. 35, 57. As the Court noted in its order deciding the motions for summary judgment, plaintiff's claim for violation of the Due Process Clause of the Fourteenth Amendment was ripe for review.

Under the circumstances, the preferable approach is to treat Magistrate Judge Corley's Screening Order as proposed findings of fact and recommendations as to the First, Fifth, and Eighth Amendment claims, and to give the parties an opportunity to file any objections to those proposed findings of fact and recommendations. Accordingly, no later than **thirty days** from the date of this order, any party may serve and file written objections to Magistrate Judge Corley's Screening Order. *See generally* Fed. R. Civ. P. 72(a) and (b). A party's objections must consist of a single document of no more than 20 pages. A party may respond to another party's objections by filing and serving a response within **thirty days** after being served with a copy of the objections. A party's response to another party's objections must consist of a single document of no more than 20 pages.

Once the court receives any objections and responses thereto, the court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

**IT IS SO ORDERED.**

Dated:

                                                                    _____
LUCY H. KOH
United States District Judge

Case No. 17-CV-07229-LHK
ORDER GRANTING OPPORTUNITY TO OBJECT TO MAGISTRATE JUDGE'S RULINGS